```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

JOHN BREWER, III,                 :
                                  :
     Plaintiff,                   :
                                  :
     v.                           :     CASE NO. 3:11CV19(DFM)
                                  :
LEO ARNONE et al.,                :
                                  :
     Defendants.                  :
```

## RULING ON MOTION TO COMPEL

Plaintiff John Brewer, III, a state prisoner, brings this action pro se against officials of the Connecticut Department of Correction ("DOC") seeking religious privileges as an adherent of the Nation of Gods and Earths ("NGE") and removal of NGE's designation as a Security Risk Group within the DOC. (Doc. #1.) Pending before the court are plaintiff's Motions to Compel. (Docs. #51, #56.)

On January 31, 2013, the court heard oral argument on the motions. Defendants confirmed that they did not disclose certain responsive documents that they characterized in their opposition brief as "classified and confidential for reasons related to safety and security." (Defs.' Br., doc. #55 at 2.) They described the documents as two loose-leaf binders containing materials confiscated from inmates, including contraband, and materials received from security coordinators in other jurisdictions. Defendants represented that some of these

documents contain numerical and alphabetical codes that would pose a security risk if disseminated.  However, they conceded that they might introduce at least some of the documents at trial and agreed that plaintiff should have an opportunity to examine them.  Defendants volunteered to make these documents available to plaintiff at his place of incarceration.

Notwithstanding this concession, plaintiff correctly maintains that he is entitled to discover all nonprivileged information relevant to his claims, not just the evidence that defendants deem useful to their defense at trial.  See Fed. R. Civ. P. 26(b)(1) ("[u]nless otherwise limited by court order, . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense").  In response, defendants assert that the documents are subject to the law enforcement privilege.

Federal common law recognizes "a qualified executive privilege designed 'to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation.'"[1]  El Badrawi v. Department of Homeland Sec., 258

---

[1] Connecticut common law also recognizes a qualified law enforcement privilege for the purpose of "aid[ing] the state's

2

F.R.D. 198, 203 (D. Conn. 2009) (Hall, J.) (quoting In re Dep't of Investigation, 856 F.2d 481, 484 (2d Cir. 1988). To merit consideration of the law enforcement privilege, a party invoking it must meet certain threshold requirements: "(1) a formal claim of privilege must be lodged by the head of the department which has control over the requested information; (2) assertion of the privilege must be based on actual personal consideration of the matter by that official; and (3) the claim must specify, with particularity, the information for which the privilege is invoked, and must explain why it falls within the scope of the privilege." Id. (citing In re Sealed Case, 856 F.2d 268, 272 (D.C. Cir. 1988). The threshold requirements are necessary for the court "'to make a reasoned assessment of the weight of the interests against and in favor of disclosure and to provide a plaintiff a fair opportunity to challenge the bases for the assertion of the privilege.'" Id. (citation omitted). Because the law enforcement privilege is a qualified privilege, once the threshold requirements are met, the court then balances the

---

attorney and the police in conducting investigations by encouraging people to disclose information without fear of embarrassment through subsequent, needless public disclosure." Seebeck v. State, 246 Conn. 514, 545-46 (1998). Although "questions of privilege in federal civil rights cases are governed by federal law . . . 'a strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy.'" King v. Conde, 121 F.R.D. 180, 187 (E.D.N.Y. 1988) (citation omitted).

interests to determine whether the conditional protection is justified.  Id.

> The factors disfavoring disclosure are the threat to the safety of police officers, the invasion of the privacy of police officers, the weakening of law enforcement programs or procedures, the chilling of police investigative candor, the chilling of citizen complaint candor, and state privacy law.  The factors favoring disclosure are the relevance of the material to the plaintiff's case, the importance of the material to the plaintiff's case, the strength of the plaintiff's case, and the importance to the public interest in releasing the information.

National Congress for Puerto Rican Rights ex rel. Perez v. City of New York, 194 F.R.D. 88, 95-96 (S.D.N.Y. 2000).

In this case, defendants have not met the threshold requirements for invoking the privilege.  As a result, the court cannot reach the balancing analysis, and defendants' privilege objection is overruled without prejudice to making a proper showing.

In light of the foregoing, plaintiff's December 2012 Motion to Compel (doc. #56) is granted in part as follows:

1. Plaintiff's Interrogatories 1 - 5 (disruptive nature of NGE), 8 (same), 12 (NGE's chain of command), and 13 (NGE's teachings) and Request for Production 10 (basis of disruptive group designation) are granted.  On or before **February 26, 2013**, defendants may file a motion for protective order pursuant to Rule 26(c) and Local Rule 26(e) properly invoking the qualified law

      enforcement privilege as set forth supra.  To the extent that defendants do not move to protect information responsive to the above requests, they shall make that information accessible to plaintiff for review at his place of incarceration on or before **February 26, 2013**.[2]

2.  Plaintiff's Interrogatory 14 (defendants' religious affiliations) is granted.

Plaintiff's October 2012 Motion to Compel (doc. #51) is denied as moot.  Plaintiff's request for sanctions (doc. #51) is denied.  Fed. R. Civ. P. 37(a)(5)(A)(ii).

    Finally, as discussed at oral argument, any party may file a motion for summary judgment on or before **March 20, 2013.**

    SO ORDERED at Hartford, Connecticut this 5th day of February, 2013.

                            _____/s/_____
                            Donna F. Martinez
                            United States Magistrate Judge

---

[2] At oral argument, plaintiff conceded that he need not possess the responsive documents in his cell so long as he has access to them.

5